NUMBER 13-99-111-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ROBERTO ENRIQUE DE LEON
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Dorsey



 A jury found appellant, Roberto Enrique DeLeon, guilty of injury to
a child and assessed his punishment at seven years in prison. 
Appellant raises one issue for our consideration. We affirm. 

I. Factual Background


 The State's primary witness, Tonya Beardsley, testified that she
was watching TV at appellant's home. Tracy, appellant's five-year-old
daughter, was sitting next to her. Appellant started yelling at another
child in the house, scaring Tracy and causing her to cry. Appellant
grabbed Tracy's arm, hit her on her bottom with his open hand, and
took her into a bedroom. Beardsley testified that she heard appellant
hitting Tracy with something and that it was "real loud." She said that
appellant hit Tracy ten to fifteen times. After appellant left the house
Beardsley went to the bedroom and saw that Tracy had a bruise on her
head. She asked Tracy if appellant had hit her there, and she said,
"Yes." Beardsley also testified that "after awhile you could see that it
was a belt that had [struck] her on her bottom. . . ." Tracy did not
testify during the trial of this case.

II. Analysis


 By his sole issue appellant asserts that the trial court denied him
due process of law, the right of confrontation, a fair trial, and a fair
punishment hearing by allowing the State to improperly impeach two
of its witnesses, Lorysa Rodriguez and Matthew DeLeon.

Lorysa Rodriguez


 During the guilt/innocence phase the State called Lorysa Rodriguez
to testify. Rodriguez is appellant's wife and Tracy's mother. Rodriguez
testified that she heard appellant spank Tracy two or three times "with
something like a belt." When the State's attorney asked Rodriguez why
she did not go to the bedroom when she heard appellant spanking
Tracy, she replied, "He wasn't hitting her hard. He wasn't beating her
like what everybody says he was doing." At this point the State's
attorney informed the trial court that he wanted to introduce
Rodriguez's written statement into evidence to show that her testimony
regarding why she did not go into the bedroom differed from the reason
she gave in her statement. In her written statement she stated in
relevant part:

 When Robert [appellant] went in the room with Tracy . . . I
heard a slapping sound as if someone was getting hit by a
belt. . . . It seemed as if Robert was hitting Tracy with a
belt. Robert hit Tracy about 2 or 3 times.


 I couldn't do nothing. I was afraid to. I knew if I interfered;
Robert was going to hit me. Robert had done it before. He
has hit me when I've tried to keep him from hitting the
children. I am scared of Robert; he has hurt me bad before.
. . .


The court admitted the statement over appellant's objection.

 Appellant argues on appeal that the State did not show that it was
surprised when Rodriguez testified that he did not hit Tracy hard. He
argues that admission into evidence of the written statement "nullified"
his wife's testimony, which was favorable to him. 

Matthew DeLeon


 During the punishment phase the State called appellant's seven-year-old son, Matthew DeLeon, to testify. Matthew's testimony was
that appellant had never hit him, his siblings, or his mother. When the
State's attorney began questioning him about his conversation with
Rebecca Walker, a child protective services worker, Matthew denied
that he had told Walker that appellant had abused him.

 After Matthew testified the State called Rebecca Walker to testify. 
When the State's attorney asked her to tell the jury what Matthew had
told her about the way appellant had treated him, she testified over
appellant's objection that Matthew had said appellant had slapped him,
punched him, hit him in the head, and thrown him to the floor.

 Appellant argues on appeal that the State had not been
"surprised" by Matthew's testimony, and therefore, the trial court erred
in allowing Walker to testify about what he had told her.

III. Rule 607


 In Hughes v. State, 4 S.W.3d 1 (Tex. Crim. App. 1999) the court
stated that Rule 607 of the Texas Rules of Criminal Evidence(1) permits
the credibility of a witness to be attacked by any party, including the
party calling the witness. Id. at 5. Rule 607 abandoned the traditional
"voucher" rule which prohibited a party from impeaching its own
witness. Id. at 5. The rule also dispensed with the "surprise and
injury" exception to the "voucher" rule which served as a prerequisite to
impeaching one's own witness. Id. at 5.

 Appellant relies on Goodman v. State, 665 S.W.2d 788 (Tex. Crim.
App. 1984), which stated that before an attorney or party is allowed to
impeach his own witness, he must establish the proper predicate by
showing not only that the testimony has surprised, but also that it is
injurious to his cause. Id. at 791. However the Hughes Court
specifically mentioned Goodman and stated that Rule 607 dispensed
with the surprise-and-injury exception to the "voucher" rule. Id. at 5.

 Because a party does not have to show surprise before
impeaching its own witness, the trial court did not err by allowing the
State to impeach Lorysa Rodriguez and Matthew DeLeon. See Hughes,
4 S.W.3d at 5.

 Appellant has included a contention that the trial court erred in
allowing consideration of a prior misdemeanor-theft conviction during
the punishment phase. However there is no indication in the record
that any such conviction was considered.

 We overrule the issue and affirm the trial court's judgment.


 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 22nd day of June, 2000. 

1. This rule provides: "The credibility of a witness may be attacked
by any party, including the party calling the witness." Tex. R. Crim.
Evid. 607. This rule became effective March 1, 1998. This case was
tried after the effective date.